UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA

    v.

NIKHIL GUPTA, a/k/a "Nick,"                              Case 1:23 Cr. 289 (VM)

    **Defendant.**

------------------------------------------------------------X

## MOTION TO COMPEL PRODUCTION OF DISCOVERY

By counsel, Defendant Nikhil Gupta ("Mr. Gupta") requests this Court to direct the government to provide the defense materials relevant to its ability to defend the instant charges. Mr. Gupta states:

1. Mr. Gupta was indicted most recently in this case on November 29, 2023. The indictment alleges a complex "murder for hire" scheme in which Mr. Gupta is alleged to have been recruited by a senior official in the government of India to arrange the murder of a Sikh activist in New York City.

2. Mr. Gupta is an Indian national. He was last in the United States in 2017. He was arrested in Prague, the Czech Republic, on June 30, 2023 and is being held there currently. The United States government is seeking his extradition to the United States.

3. Mr. Gupta is represented in Prague in those extradition proceedings by Prague attorney Petr Slepicka. Mr. Slepicka has reported in media interviews that Mr. Gupta has been interviewed in Prague by groups of senior U.S. agents on several occasions and continues to be interviewed. Mr. Slepicka reports no evidence or documentation of any sort has been given to him other than the U.S. indictment itself. Mr. Gupta's family has reported to the media they have limited access to Mr. Gupta, that he is not allowed consular access, and that he faces basic

human rights violations in custody in Prague, including extended solitary confinement. A habeas petition has been filed on his behalf with the Supreme Court of the Czech Republic.

4. A municipal court in Prague has initially recommended extradition, but several layers of judicial review remain before any final extradition order issues.

5. In the interim, Mr. Gupta's undersigned defense counsel in the Southern District of New York has asked the U.S. Attorney's office to begin providing discovery. The U.S. Attorney for the Southern District of New York refuses to do so. Therefore, Mr. Gupta requests this Court to issue an order directing the government to begin meeting its disclosure obligations.

6. The Federal Rule of Criminal Procedure requires the Government to permit a defendant, upon the defendant's request, "to inspect and to copy or photograph . . . books, papers, documents, [and] data, [among other items] . . . or copies or portions of any of these items" that are in the Government's possession, custody, or control and are "material to preparing the defense." Rule 16(a)(1)(E)(i). The government has specific, mandatory disclosure requirements, based both in statute and in the Constitution. E.g., *United States v Donziger*, 2021 US Dist LEXIS 138923, at *123 (SDNY July 26, 2021, No. 19-CR-561 (LAP)). Here, Mr. Gupta seeks an order directing the government to meet those obligations.

7. Once an indictment has issued, this Court may entertain pretrial motions even where a defendant is outside the jurisdiction of the United States. In *United States v. Lockwood,* 382 F. Supp. 1111, 1116 (EDNY 1974), the district court ordered pretrial production of discovery notwithstanding the defendants' status as fugitives outside the jurisdiction of the United States. It stated, "defendant's presence is unnecessary at pretrial motions when there is no evidence being taken and, therefore, no need to confront witnesses." The Second Circuit overturned the lower court in *Lockwood*, but only because an attorney-client relationship had not yet been established

between the out-of-country defendants and the requesting attorneys. *United States v. Weinstein,* 511 F.2d 622, 628-29 (2d Cir.) cert. denied, 422 U.S. 1042, 95 S. Ct. 2655, 45 L. Ed. 2d 693 (1975). It expressly left open discretion for a lower court to entertain pretrial motions on behalf of out-of-country defendants when made by an attorney of record. Id., at 629. And, indeed, in *United States v. Salzman*, 548 F.2d 395, 401 (1976), the Second Circuit upheld a lower court's exercise of jurisdiction to consider a pretrial motion on behalf of a defendant outside the United States. The Federal Rules of Criminal Procedure does not require a defendant to be present for a "conference or hearing on a question of law." Fed. R. Crim. P. 43(b)(3).

8. District courts have broad discretion to resolve motions to compel discovery in criminal cases. *United States v. Hintzman*, 806 F.2d 840, 846 (8th Cir. 1986). An order compelling discovery is particularly appropriate here as Mr. Gupta is being subject to repeated interrogations by U.S. officials without the presence of the counsel representing him in his criminal case. The defense counsel present in Prague has no evidence or other case materials, other than the bare indictment. Most critically, the defendant continues interrogated by U.S. officials, *after indictment*, where his uninformed counsel have no ability to secure his rights. Accordingly, this Court should order the government to comply with the defense discovery request here.

Dated: January 4, 2024
      New York, NY

Respectfully submitted,

*Jeff Chabrowe*
JEFFREY CHABROWE, ESQ.
LAW OFFICES OF JEFFREY CHABROWE
521 Fifth Avenue, 17th Floor
New York, NY 10175
(917) 529-3921
jeff@chabrowe.com
**Counsel for Defendant Nikhil Gupta**