UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA, New York, N.Y.

v. 23 CR 289 (VM)(JLC)

NIKHIL GUPTA,

Defendant.

------------------------------x

June 17, 2024
12:30 p.m.

Before:

HON. JAMES L. COTT,

U.S. Magistrate Judge

APPEARANCES

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
BY: ASHLEY C. NICOLAS
CAMILLE FLETCHER
Assistant United States Attorneys

JEFFREY CHADBROWE
Attorney for Defendant

(Case called)

THE DEPUTY CLERK: Counsel, please state your name for the record.

MS. NICOLAS: Good afternoon, your Honor.

Ashley Nicolas and Camille Fletcher for the government.

THE COURT: Good morning to both of you.

MR. CHADBROWE: Good afternoon, your Honor.

Jeff Chadbrowe for Mr. Gupta.

THE COURT: Good afternoon.

Good afternoon, Mr. Gupta.

THE DEFENDANT: Good afternoon, sir.

THE COURT: Everyone in the courtroom may be seated.

Could I have the date and time of the arrest for the record, please.

MS. NICOLAS: Yes, your Honor.

The defendant arrived in the United States on an extradition on Friday, which was June 14, at about 4:00 p.m.

THE COURT: All right. Thank you.

And, to confirm, are we here for presentment and arraignment?

MS. NICOLAS: Yes, your Honor, we are.

THE COURT: Has Judge Marrero scheduled any conference in the case?

MS. NICOLAS: He has, your Honor. The first

conference of the case will be June 28, which is next Friday, at 2:00 p.m.

THE COURT: All right. Thank you.

Mr. Gupta, let me begin by informing you of certain rights that you have.

First of all, you are not required to make any statements to the authorities. Anything that you say can be used against you. If you have made any statements in the past, you still have the right to remain silent going forward. You also have the right to be represented by an attorney at all proceedings. If you can't afford an attorney, you have the right to request that the court appoint one for you.

Mr. Chadbrowe I gather you are a retained counsel, is that right?

MR. CHADBROWE: Yes, your Honor.

THE COURT: All right. Now, I also am required by law, Mr. Gupta, to notify you that if are a citizen of a foreign country, you may request that a government attorney or a federal law enforcement official notify a consular officer from your country that you have been arrested. Even without such a request, an international agreement may require such notification.

Is there a consular notification requirement in this case?

MS. NICOLAS: It is not mandatory in this case, your

Honor, but we will make it.

THE COURT: All right. Very well.

Now, I have a superseding indictment in this case. I believe it's a 15-page charging instrument and counsel are listed beginning on page 13.

Count One charges the defendant in a murder-for-hire conspiracy and charges the defendant with murder-for-hire.

Mr. Chadbrowe, have you received a copy of this superseding indictment and had an opportunity to review it with him?

MR. CHADBROWE: Yes, I have, your Honor.

THE COURT: And do you waive a public reading?

MR. CHADBROWE: Yes, we do.

THE COURT: And how does your client wish to plead at this time?

MR. CHADBROWE: Not guilty.

THE COURT: All right. A not guilty plea will be entered on his behalf.

I direct, pursuant to Rule 5(f) of the Federal Rules of Criminal Procedure, that the prosecution comply with its obligation under *Brady v. Maryland* and its progeny to disclose to the defense all information, whether admissible or not, that is favorable to the defendant, material either to guilt or to punishment, and known to the prosecution. Possible consequences for noncompliance may include dismissal of

individual charges or the entire case, exclusion of evidence, and professional discipline or court sanctions on the attorneys responsible. I'll be entering a written order more fully describing this obligation and the possible consequences of failing to meet it, and I direct the prosecution to review and comply with that order.

Ms. Nicolas, does the prosecution confirm that it understands its obligations and will fulfill them?

MS. NICOLAS: We do, your Honor, and we will.

THE COURT: All right. Thank you.

The next issue is whether any bail conditions will be set at this time.

What is the government's position in that regard?

MS. NICOLAS: Your Honor, the government is seeking the defendant's continued detention on both danger and flight.

THE COURT: All right. Are you making an application at this time?

MR. CHADBROWE: We are reserving the right to do a bail application, your Honor, and I know that we are in front of Judge Marrero next week, and we will be in discussions with the government regarding that issue.

THE COURT: OK. So he'll be detained today on consent without prejudice to a future application before Judge Marrero.

MR. CHADBROWE: That's fine.

THE COURT: All right. Ms. Nicolas, what other

matters do we need to attend to at this proceeding today?

MS. NICOLAS: Your Honor, the government would move at this time to exclude time between today and next Friday, June 28, which is the next scheduled conference, in order to allow the parties to negotiate and enter a protective order, as well as to begin any pretrial discussions about a possible disposition.

THE COURT: Do you have any opinion on this application?

MR. CHADBROWE: No objection as to that, your Honor.

THE COURT: OK. I find that the ends of justice are served by excluding the time and that outweighs the interest of the public and the defendant in a speedy trial because it will allow time, as Ms. Nicolas articulated, for the parties to begin to discuss a disposition and for discovery to be prepared to be produced. So the time between now and the 28th will be excluded.

Anything else from the government?

MS. NICOLAS: No, your Honor.

Thank you.

THE COURT: Mr. Chadbrowe, anything else?

MR. CHADBROWE: Yes, just very briefly, your Honor.

My client arrived Friday night and is at the MDC in Brooklyn, where conditions continue to be very difficult. Specifically, he's a vegetarian and has not been provided any

vegetarian meals. I'm hoping that will be resolved soon.

I did speak to Ms. Nicolas and Ms. Fletcher about this. They said they could assist, and I have also reached out to MDC directly about that. I hope that we wouldn't have to request that he be transferred from BOP, but I just wanted to -- hoped that this issue could be resolved because, essentially, my client has not been able to eat. And he's a vegetarian for religious reasons and that is something that is obviously of paramount importance.

THE COURT: He's certainly not the only vegetarian incarcerated at the MDC. My understanding is that the MDC has arrangements for people who are vegetarian, so I don't know why that is occurring, but I would just say if you don't get satisfaction on that point in the next 24 hours, you should either come back to me or Judge Marrero, if the government hasn't solved this problem, and we'll look into it further.

MR. CHADBROWE: Thank you very much.

THE COURT: OK. Anything else, Ms. Nicolas?

MS. NICOLAS: No, your Honor. Nothing.

THE COURT: Anything else?

MR. CHADBROWE: Just very briefly. I know that this should be addressed as well.

My client also would like, needs to be able to pray, and I hope they would accommodate that as well. I'm sure they will. Any issues, once again, I'll reach back out to your

Honor or Judge Marrero or to the government.

Thank you.

THE COURT: I think that's fine.

You have the contact information of counsel at the MDC?

MR. CHADBROWE: Yes. We have reached out this morning. I think part of the issue might have been he arrived on a weekend. We would like to get all these issues resolved as quickly as possible.

THE COURT: See where things stand by, you know, the end of the day tomorrow, and if things haven't been solved, you should pursue it further however you think appropriate.

MR. CHADBROWE: Thank you.

THE COURT: Thank you, all. Have a good day.

(Adjourned)