```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

             v.                          23 CR 289 (VM)

NIKHIL GUPTA,
                                         Conference
                  Defendant.
------------------------------x
                                         New York, N.Y.
                                         June 28, 2024
                                         2:00 p.m.

Before:

                    HON. VICTOR MARRERO,

                                         District Judge

                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
ASHLEY C. NICOLAS
ALEXANDER LI
CAMILLE LATOYA FLETCHER
     Assistant United States Attorneys

JEFFREY CHABROWE
     Attorney for Defendant
```

O6SKGUPC

1                  (Case called)
2                  THE COURT:  Good afternoon.  Thank you.  Be seated.
3                  This is a proceeding in the matter of United States v.
4     Gupta.  It's Docket No. 23 CR 0289.
5                  Counsel, please enter your appearances for the record.
6                  MS. FLETCHER:  Good afternoon, your Honor.  Camille
7     Fletcher, Alexander Li, and Ashley Nicolas for the United
8     States.
9                  THE COURT:  Good afternoon, and welcome.
10                 MR. CHABROWE:  Good afternoon, your Honor.  Jeff
11    Chabrowe for Mr. Gupta.
12                 THE COURT:  The Court notes for the record that the
13    defendant is present in the courtroom, seated next to his
14    attorney.  This proceeding represents the initial appearance of
15    the defendant in this matter following his arraignment before
16    Magistrate Judge Cott on the underlying charges.
17                 Who is speaking for the government?  Ms. Fletcher?
18                 MS. FLETCHER:  I will, your Honor, yes.
19                 THE COURT:  Would the government then update the Court
20    on the discovery obligations, any scheduling matters, and any
21    other circumstances the government wishes to present for the
22    Court's consideration at this time, Ms. Fletcher?
23                 MS. FLETCHER:  Yes, your Honor.
24                 To begin, if it pleases the Court, the government
25    would like to summarize the facts of the case here.  If I may,

O6SKGUPC

1  your Honor?

2         THE COURT: Very briefly.

3         MS. FLETCHER: Yes.

4         So, this case is of the utmost seriousness, your
5  Honor. An Indian government employee, described in the
6  superseding indictment as CC1, and the defendant, from India,
7  directed a plot to assassinate a U.S. citizen here in New York.
8  The victim is of Indian origin and was a vocal critic of the
9  Indian government.

10        The defendant played a critical role in that plot. He
11 was tasked with identifying the hitman to murder the victim.
12 He negotiated on behalf of CC1 the price of the murder, which
13 was $400,000, as well as he orchestrated and arranged for the
14 $15,000 down payment that was made in advance of the murder.

15        Over the course of several weeks, the defendant pushed
16 who he believed to be the hitman but, unbeknownst to him, was
17 an undercover agent acting as a hitman, to surveil the victim
18 and to murder him.

19        To give the Court an overview of what the government's
20 evidence in this case would look like and what its discovery
21 looks like: It would include the defendant's phone seized
22 during the arrest, which included contents of the defendant's
23 communications with the Indian government employee — again,
24 that's CC1 — who was directing a plot from India; the
25 defendant's postarrest interview; emails and other

1    electronically stored information from accounts belonging to
2    CC1; recorded video, audio, and text communications between the
3    defendant and the confidential source whom the defendant
4    contacted as a part of arranging the murder; video, audio, and
5    text communications between the defendant and the undercover
6    agent who the defendant believed was a hitman; video, audio,
7    and photographs from the meeting where the $15,000 advance
8    payment was made; search warrants; various subpoena returns; as
9    well as various documents from the DEA and FBI case file.
10           We wanted to bring one additional thing to the Court's
11   attention during the process of evaluating whether CIPA
12   practice will be necessary in this case, and we intend to
13   update the Court on that issue.  We're continuing to evaluate
14   that.  We'll update the Court at the next conference.
15           We are in the process of negotiating a protective
16   order with defense counsel.  And the government intends to
17   begin producing discovery within two weeks of that protective
18   order being entered by this Court.
19           We've conferred with defense counsel, and we would ask
20   the Court to set a status conference for 60 days from today.
21           THE COURT:  All right.  Thank you.
22           MS. FLETCHER:  Thank you, your Honor.
23           THE COURT:  Mr. Chabrowe, is there any comment or
24   response to the government presentation?
25           MR. CHABROWE:  Nothing in particular, your Honor.

O6SKGUPC

1           We did receive the protective order. I'm discussing
2   that with my client, explaining that to him and how that works.
3   And we should be able to get that back to the government by
4   early next week, and then to the Court, to move along with
5   discovery.
6           THE COURT: All right, Mr. Chabrowe.
7           Assuming the discovery that the government has
8   indicated it's preparing to disclose, how much time would the
9   defense need in order to review and consult with the client and
10  be ready for a follow-up conference?
11          MR. CHABROWE: Your Honor, I think we talked about
12  doing a conference on August 30th, which is fine. And I hope
13  that should be enough time. And, obviously, as we go through
14  it, if we need more time, I will be in touch with the
15  government and the Court.
16          THE COURT: August 30th at this time will not be
17  convenient for the Court. Let's look at the second week in
18  September.
19          MR. CHABROWE: Okay.
20          THE LAW CLERK: Yes. Checking the Court's calendar,
21  the Court is available September 13th.
22          Are the parties available September 13th, a Friday?
23          MS. FLETCHER: That works for the government. Thank
24  you.
25          MR. CHABROWE: Yes.

1          THE LAW CLERK:  Does 1:00 p.m. work?

2          MS. FLETCHER:  That's fine.

3          (Pause)

4          THE COURT:  All right, Mr. Chabrowe?

5          MR. CHABROWE:  Sorry, your Honor.

6          September 13th is fine.

7          THE LAW CLERK:  1:00 p.m.?

8          MR. CHABROWE:  Yes.

9          THE COURT:  Ms. Fletcher, is there a motion on behalf
10   of the government on that schedule?

11          MS. FLETCHER:  Yes, your Honor.

12          The government moves to exclude time under the Speedy
13   Trial Act from now until September 13th, the next conference,
14   to allow the parties to complete their negotiation on the
15   protective order, produce and review discovery, and to conduct
16   any pretrial negotiations.  Such an exclusion would be in the
17   interests of justice.

18          MR. CHABROWE:  No objection, your Honor.

19          THE COURT:  On the government's motion to exclude
20   adjourned time from speedy trial calculations from today
21   through September 13, with no objections recorded by the
22   defendant, the motion is granted.  I find that the reasons
23   conveyed to the Court warrant this exclusion of time, as it is
24   intended to ensure the effectiveness of counsel and to prevent
25   any miscarriage of justice.

1      The Court is satisfied that the ends of justice served
2 by the granting of this continuance outweigh the best interests
3 of the public and the defendant in a speedy trial.  This order
4 of exclusion of time is entered pursuant to the provisions of
5 the Speedy Trial Act, Title 18, U.S.C., Section
6 3161(4)(7)(B)(i) and (iv).
7      Before we proceed, one other matter of housekeeping
8 procedure:  I direct the government to comply with its
9 obligations, under *Brady v. Maryland* and its progeny, to
10 disclose to the defense all information, whether admissible or
11 not, that is favorable to the defendant, material either to
12 guilt or to punishment, and known to the prosecution.  Possible
13 consequences for noncompliance may include dismissal of
14 individual charges or the entire case, exclusion of evidence,
15 and professional discipline or court sanctions on the attorneys
16 responsible.
17      I will be entering a written order more fully
18 describing this obligation and possible consequences of the
19 government failing to meet it.  I direct the government to
20 review and comply with that order.
21      Ms. Fletcher, does the government confirm that it
22 understands its obligation in this regard and will fulfill it?
23      MS. FLETCHER:  Yes, your Honor, the government
24 understands its obligation and will fulfill it.
25      THE COURT:  All right.  I thank you.

O6SKGUPC

1            Ms. Fletcher, is there anything else from the
2   government?
3            MS. FLETCHER:  Nothing further, your Honor.
4            THE COURT:  Anything else, Mr. Chabrowe?
5            MR. CHABROWE:  No.  Thank you, your Honor.
6            THE COURT:  Thank you.  Have a good day and a good
7   weekend.
8            MS. FLETCHER:  Thank you, Judge.
9            (Adjourned)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25