

**MATTHEW LAROCHE**
*Partner*
55 Hudson Yards  |  New York, NY 10001-2163
T: +1 (212) 530-5514
mlaroche@milbank.com  |  milbank.com

July 15, 2025

**VIA ECF**

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Request **GRANTED**. The Court will hold an *ex parte* conference with Defense Counsel on August 15, 2025, at 2:00 PM.
>
> **SO ORDERED.**  _____
> Victor Marrero
> U.S.D.J.
>
> Dated: July 16, 2025

Re:   United States v. Nikhil Gupta, 23 Cr. 289 (VM)

Dear Judge Marrero:

We write on behalf of Defendant Nikhil Gupta in the above-referenced matter. On July 11, 2025, the government filed an *ex parte* motion pursuant to Section 4 of the Classified Information Procedures Act, 18 U.S.C. App. III § 4 ("CIPA"). Dkt. 70. Mr. Gupta requests that the Court hold an *ex parte* conference with his defense counsel pursuant to Section 2 of CIPA so that they may bring to the Court's attention certain topics that may implicate classified information placed at issue by this prosecution and that will be relevant to the government's disclosure obligations.

### THE GOVERNMENT'S DISCLOSURE OBLIGATIONS

As the Court is aware, the government must produce several categories of discoverable material to Mr. Gupta, including Rule 16 material, exculpatory material under *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny, and impeachment material under *Giglio v. United States,* 405 U.S. 150 (1972). Mr. Gupta also must be given prior statements of witnesses that are relevant to the subject matter of their testimony, which is fundamental to Mr. Gupta's right to cross-examine witnesses. 18 U.S.C. § 3500.

To satisfy these obligations, the government has a duty to search at least the files within the prosecutor's own office and the files of other agencies acting on the government's behalf in a case, even if the prosecutor has no personal knowledge of the existence of such material. *See e.g.*, *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). "Knowledge of material information may be imputed to the prosecutor when that information is possessed by others on the prosecution team," with membership on the team determined by "what the person *did*, not who the person *is*." *United States v. Velissaris*, No. 22 Cr. 105, 2022 WL 2392360, at *1 (S.D.N.Y. July 3, 2022) (quotations

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

July 15, 2025                                                                                                                                  Page 2

omitted) (emphasis in original).  Among the factors relevant to determining whether the prosecution may be required to review material held by another agency is whether the agency "reviewed documents gathered by or shared documents with the prosecution."  *Id.* at *2.

Courts have held that the government must conduct a search if the defendant has made a request for files and there is a non-trivial prospect that the examination of those files might yield material exculpatory information.  *See United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. Cir. 1992).  Even absent an explicit request, a prosecutor is required to search if there exists any reliable indication suggesting that files contain evidence that meets the *Brady* standard of materiality.  *See* U.S. Dep't of Just., Just. Manual § 2052(B)(1) (2020); *see also Kyles*, 514 U.S. at 433 ("[R]egardless of request, favorable evidence is material, and constitutional error results from its suppression by the government, if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." (cleaned up)).

## **DISCOVERY INVOLVING CLASSIFIED INFORMATION**

In cases potentially implicating national security issues, such as this one, the government's search must extend to sources in possession of the U.S. intelligence community ("IC").  *See generally* U.S. Dep't of Just., Just. Manual § 2052 (2020).  The Justice Manual provides that prosecutors are "compelled to search for discovery material within IC files" if (i) "the IC has been an active participant in the investigation or prosecution of the case"; (ii) IC "sources . . . are readily available to the government and . . . because of the known facts and nature of the case, should be searched as a function of fairness to the defendant"; and/or (iii) the case is one "in which issues relating to national security and/or classified information are likely to be present, e.g., . . . those in which one or more targets are, or have previously been, associated with an intelligence agency."  *Id.*

The government is not excused from its disclosure obligations when discoverable information is classified.  *See, e.g.*, *United States v. Abu-Jihaad*, 630 F.3d 102, 140 (2d Cir. 2010) ("To be clear, CIPA does not confer on the government a privilege to refrain from disclosing classified information . . . .").  CIPA's fundamental purpose is "to harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest."  *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996) (quotation omitted).  As a procedural statute, CIPA neither adds nor detracts from the substantive rights of the defendant or the discovery obligations of the government.  *See* U.S. Dep't of Just., Just. Manual § 2054 (2020); *see also United States v. El-Hanafi*, No. 10 Cr. 162, 2012 WL 603649, at *2 (S.D.N.Y. Feb. 24, 2012) ("CIPA does not expand or restrict established principles of discovery.").  Instead, the statute provides mechanisms by which the government may disclose classified information to the defendant, or cleared defense counsel in the first instance, pursuant to its fundamental discovery obligations.

In this case, the government has filed an *ex parte* motion pursuant Section 4 of CIPA, which presumably means that the government is already aware that there is classified information at issue that may be discoverable.  Dkt. 70.  Section 4 governs the methods of disclosure of classified

July 15, 2025                                                                                                                          Page 3

information by the government to the defendant, pursuant to its constitutional and statutory obligations. *See* 18 U.S.C. App. III § 4. Section 4 is implicated when the head of the department with control over the matter, after personal consideration of the matter, invokes the states-secrets privilege to withhold classified information from the defendant in the interests of national security. *Doe v. C.I.A.*, No. 05 Civ. 7939, 2007 WL 30099, at *1 (S.D.N.Y. Jan. 4, 2007); *see also United States Aref*, 533 F.3d 72, 80 (2d Cir. 2008). The states-secrets privilege, however, is not absolute: it "must—under some circumstances—give way . . . to a criminal defendant's right to present a meaningful defense." *Abu-Jihaad*, 630 F.3d at 141 (cleaned up).

The state-secrets privilege can be overcome when the information is helpful or material to the defense, *i.e.*, useful to counter the government's case or to bolster a defense." *Aref*, 533 F.3d at 80 (quotation omitted). Notably, this is a lesser standard than *Brady*: "[t]o be helpful or material to the defense, evidence need not rise to the level that would trigger the Government's obligation under *Brady* . . . to disclose exculpatory information." *Id.* Put another way, "[i]nformation can be helpful without being 'favorable' in the *Brady* sense.'" *Id.* (citation omitted).

The defense understands that the government seeks to withhold or "delete" certain classified information from discovery. But this is not the only remedy available pursuant to Section 4, which also provides that the Court may authorize the government upon a "sufficient showing" to "substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove." 18 U.S.C. App. III § 4. The Court may review, *ex parte* and *in camera*, the classified information at issue to determine whether and in what form the information must be disclosed to the defendant, and whether the government has truly satisfied its discovery obligations. *See, e.g.*, *United States v. Aref*, No. 04 Cr. 402, 2006 WL 1877142, at *1 (N.D.N.Y. July 6, 2006).

## **AN *EX PARTE* CONFERENCE IS APPROPRIATE**

In light of the government's CIPA Section 4 motion, we respectfully request an *ex parte* conference pursuant to CIPA Section 2. Section 2 provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. III § 2. Following such a motion, the court "shall promptly hold a pretrial conference" at which it may "consider any matters which relate to classified information or which may promote a fair and expeditious trial." *Id.* To encourage open communication at the Section 2 conference, any statements by the defendant or his counsel may not be used against the defendant unless it is made in writing and signed by both the defendant and his counsel. *Id.*

An *ex parte* Section 2 conference for the defense is particularly important for assessing the government's Section 4 motion. It is clear the Court will have to consider issues of whether classified information is material to the defense and should be produced. When evaluating the government's arguments for deletion of classified information, the Court should place "itself 'in the shoes of defense counsel, the very ones that cannot see the classified record,' to determine whether the withheld data might be relevant and helpful to the defense." *United States v. Schulte*,

July 15, 2025                                                                                                                                   Page 4

No. 17 Cr. 548, 2019 WL 3764662, at *1 (S.D.N.Y. July 22, 2019) (quoting *United States v. Amawi*, 695 F.3d 457, 471 (6th Cir. 2012)).  An opportunity for defense counsel to explain potential defense theories to the Court in an *ex parte* session enhances the Court's ability to balance the defendant's rights with the government's claimed need to protect national security.  That is why courts in this District routinely hold *ex parte* Section 2 conferences with defense counsel when classified information and CIPA are involved.  *See, e.g.*, *Schulte*, 2019 WL 3764662, at *1 (noting that the Court "met *ex parte* with defense counsel to learn about [the defendant's] defense and discovery needs); *United States v. McGonigal*, No. 23 Cr. 16 (ECF No. 33) (granting separate *ex parte* CIPA conferences to government and defense); *United States v. Hossain*, No. 19 Cr. 606, 2023 WL 3001464, at *1 (S.D.N.Y. Apr. 19, 2023) (noting that the Court held "separate *ex parte* Section 2 hearings with the Government and with defense counsel" in connection with disputes over production of classified information).

      Accordingly, we respectfully request that the Court hold an *ex parte* Section 2 conference with Mr. Gupta's defense counsel.  We look forward to the opportunity to discuss the parties' respective obligations under CIPA and to ensure that both the government's interest in protecting classified information and Mr. Gupta's constitutional rights are protected during the pendency of these proceedings.

                                                               Respectfully submitted,

                                                               Matthew Laroche
                                                               Nola B. Heller