## MINISTRY OF JUSTICE OF THE CZECH REPUBLIC
▮▮▮▮▮▮▮▮▮▮▮▮ Praha 2
International Department for Criminal Matters

| | |
|---|---|
| Your ref.: | - |
| Date: | - |
| Our ref.: | MSP-741/2023-MOT-T/148 |

| | |
|---|---|
| Respond to: | Mgr. Jaroslav Hájek |
| Tel No. | |
| Fax No. | |
| E-MAIL: | |

U. S. Department of Justice
Criminal Division
Office of International Affairs
1301 New York Avenue, NW
Washington, D. C. 20005
United States of America

MSP-741/2023-MOT-T/148
0100204005332564

Prague, 7 July 2025
Number of pages: 2
Enclosures: -

**Nikhil GUPTA, born on 2 October 1971 – Extension of extradition from the Czech Republic to the United States of America**

The Ministry of Justice of the Czech Republic presents its compliments to the United States Department of Justice and with reference to the previous correspondence regarding the extradition case of Mr. Nikhil Gupta, has the honour to inform of the following.

As it results, *inter alia*, from Section 103 (1) (a) of the Act no. 104/2013 of the Collection of Laws of the Czech Republic, on International Judicial Cooperation in Criminal Matters *(please see its wording below)*, it is necessary for the requesting State to request an extension of extradition in cases of **other acts** committed prior to extradition, other than those for which extradition was granted. If there are no new facts and the new charge is based upon the same facts (acts) for which the extradition was granted, it is not necessary to seek the extension of extradition (waiver of the rule of specialty).

*Section 103*
*Extension of Extradition*

*(1) Provisions of this Sub-chapter will apply mutatis mutandis to proceedings on a request of a foreign state, to which a person was extradited, for granting a consent with*

    *a) prosecution of the person for another act committed before the extradition, other than for which the extradition was granted,*

    *b) execution of a sentence or protective measure imposed for such an act, or*

    *c) extradition to a third state for criminal prosecution for such an act or for execution of an unsuspended sentence of imprisonment or protective measure associated with incarceration imposed for such an act.*

The requesting State, which is conducting the criminal proceedings, is competent to assess, whether the new charge is based upon the same facts and there is no need to request the waiver of the rule of specialty or whether the new elements of the alleged criminal conduct are of such importance that it is necessary to request the waiver.

The Ministry of Justice of the Czech Republic avails itself of this opportunity to renew to the United States Department of Justice the assurances of its highest consideration.

Gabriela Bláhová
Director of the International
Department for Criminal Matters