# Exhibit 20B

# Original

14 To 87 / 2023

**HIGH COURT IN PRAGUE**
**workplace Spálená 2, Prague 2**
**Issued on: 08-01-2023 [illegible] 36**
Number of sheets: 1 Number of attachments:
Signature:

ORDER

The High Court in Prague, in a closed session held on July 26, 2023, ruled on the complaint filed by the extradited person **Nikhil Gupta**, born October 2, 1971 in New Delhi, Republic of India, a citizen of the Republic of India, residing at [redacted], currently in pre-trial detention in Prague-Pankrác Prison, against the ruling of the Municipal Court in Prague dated July 1, 2023, file no. Nt 417/2023-43,

**as follows:**

According to § 148 paragraph 1 point c) of the Code of Criminal Procedure, the complaint is **rejected**.

**Reasoning:**

1. By Resolution of the Municipal Court in Prague dated July 1, 2023, Ref. No.: Nt 417/2023-43, it was decided, pursuant to Section 94 paragraph 1 of Act No. 104/2013 Coll., on international judicial cooperation in criminal matters, that Nikhil Gupta is taken into provisional custody, which shall commence immediately upon deprivation of personal liberty, i.e., from June 30, 2023, at 18:33 hrs.

2. By a further pronouncement of the aforementioned resolution, it was decided, pursuant to Section 73 paragraph 1 letter c) of the Code of Criminal Procedure in connection with Section 94 paragraph 2 of Act No. 104/2013 Coll., on international judicial cooperation in criminal matters, that, a contrario, provisional custody with respect to Nikhil Gupta cannot be replaced by supervision of a probation officer.

3. The decision regarding provisional custody was based on a request by the Ministry of Justice of the USA for provisional arrest with a view to extradition of June 19, 2023, ref. no. CRM-95-100-30787, for participation in a conspiracy and commission of murder-for-hire in New York, on the basis of an indictment by the District Court of the USA, Southern District of New York, 23 Cr. 289 of June 13, 2023, for the following offenses:
    - Conspiracy to commit murder-for-hire with intent to cause death, in violation of Title 18, United States Code, Section 1958(a),
    - Murder-for-hire with intent to cause death, in violation of Title 18, United States Code, Section 1958(a) and (2).

4. According to this request, a criminal proceeding against Nikhil Gupta is being conducted before the District Court of the Southern District of New York, 23 Cr. 289, in which he is charged that, at an undetermined date around May 2023, he agreed with another person to arrange the murder of a man - a lawyer living in New York - for the sum of 100,000 USD, when he paid a deposit as a reward for the execution of the murder. Gupta transferred the deposit in the amount of 15,000 USD, while the murder was intended to be carried out around June 11 or June 12, 2023. On June 19, 2023, Gupta again communicated with a person with whom he had arranged the murder, when they agreed on a date and location of the meeting specifically to discuss the details of the murder, with the request stating that Mr. Gupta was one of two persons present at the meeting in Prague, which was considered when, on June 19, 2023, Nikhil Gupta also mentioned the need to carry out murders of other unnamed persons living in Canada.

5. According to the Municipal Court in Prague, it was indeed established on the basis of the request from the US Department of Justice that there is a strong fear that the requested Nikhil Gupta would, in the event of his release, escape in order to evade criminal prosecution and punishment which, in case he is found guilty, would be considerable. It was not proven that he would be held in the USA in any form of custody so strictly that it could be assumed he would be present for criminal proceedings. Nor did his declaration that he would buy a ticket with his own funds and fly to the USA and participate in the criminal proceedings there, in the court's view, appear trustworthy and the court did not believe it.

6. The proposal for surveillance by a probation officer as a measure substituting preliminary custody was rejected by the Municipal Court in Prague with consideration of the seriousness of the act for which he is being prosecuted in the United States.

7. Nikhil Gupta, the requested person, through his defense counsel, filed a timely complaint against the above-mentioned decision, arguing, among other things, that no facts were found to support his potential flight, hiding, or avoidance of criminal prosecution or punishment. He stressed he had expressed his willingness to undergo criminal proceedings and to cover the expenses for buying the ticket and traveling to the USA. He also insisted that the court's judgment that his declaration regarding voluntary participation in proceedings was untrustworthy was groundless. He further objected to the fact that his defense had insufficient opportunity to become acquainted with and review the translations in the file, which prevented them from carrying out a thorough defense. According to the court or the defense, it could not be determined with sufficient certainty whether the translations were accurate. He objected that the description of acts attributed to him was only partial and did not meet the most basic assessment criteria as to whether his conduct could fulfill the factual substance of the alleged criminal offenses. He also challenged the fact that the request of the requesting state is burdened by its lack of reviewability and thus should be annulled.

8. In a letter received by the High Court in Prague on 20 July 2023, the requested person pointed out his interest in obtaining a defense attorney, who would help him prove his innocence, or at least a family member, so that such a defense attorney could be found and state the requirements so that he is not regarded as guilty.

9. The High Court in Prague, on the basis of the complaint submitted pursuant to Section 147, paragraph 1 of the Criminal Procedure Code, reviewed the decision and the proceedings which preceded it and did not find the complaint well-founded.

10. In the course of the proceedings before the Municipal Court in Prague, no procedural doubts were established which would justify the annulment of the contested decision. The custody hearing on the motion of the prosecutor to impose or replace custody took place in the presence of the defense counsel selected by the person concerned, and all available means were used to ensure his defense. The requested person had the assistance of a chosen defense counsel and could propose further evidence; how the court evaluates the individual proposals and statements is solely within the court's remit. Only a breach of the right to defense or a similar substantial violation could justify setting aside the decision regarding custody.

11. The High Court, in its substantive review, also considered the provisions of the Treaty between the Republic of Czechoslovakia and the United States of America on Mutual Extradition, signed in Prague on July 2, 1925, as amended by the Supplementary Treaty signed in Washington on April 29, 1935, and a Second Supplementary Treaty on Extradition between the Czech Republic and the United States of America. from 16 May 2006, no. 8/2010 Coll. m.s. According to its Article XI, a person who is provisionally detained for extradition will be released, unless within two months from his or her arrest in the Czech Republic a duly documented request for extradition,

accompanied by the written materials specified below, is submitted through the above-mentioned diplomatic channel. Written documents which substantiate the initiation of and grounds for criminal prosecution in the requesting State, which are also grounds for prosecution in the requested State, shall be considered sufficient, provided that the requested State has jurisdiction. At present, this two-month period is running, within which the competent American authorities should deliver the extradition request and any documents supporting its justification.

12. Provisional detention was requested based on § 94, paragraph 1, Act No. 104/2013 Coll. The reason for provisional detention lies in the established facts justifying the fear of flight in case of extradition. It should be stated that, after assessing the listed facts, the Municipal Court in Prague dealt with this sufficiently. To his argumentation, it should be added that the requested person came to the Czech Republic apparently with the intention to stay here only for a few days. It is not decisive whether, as he himself said, he intended to rest or meet with so-called trustworthy sources regarding other criminal activity, as indicated in the documents of the Ministry of Justice of the USA of June 19.
Since the requested person does not have any ties to the Czech Republic—professional, family, or property ties—it is difficult to expect that he would be motivated to remain here after completing the activities for which he came. The fear that, in the case of release from provisional detention, he would leave the Czech Republic and avoid further criminal proceedings, remains real, especially since in the Czech Republic, criminal prosecution for the activity at issue is neither required nor threatened, except in cases where the activity is directed against an injured Czech citizen.

13. As the appellate court stated, the supervision by a probation officer is not a primary instrument used to replace custody. The requested person did not submit any evidence or proposal to support why probation supervision should replace custody. Even if such supervision were imposed, it would not eliminate the risk of flight to such an extent that provisional detention would no longer be justified.

14. The appellate court dealt with the objections regarding the justification of the complaint, which stated that if the requested person was released, he would immediately purchase a ticket to the USA and travel there. Such conduct would not achieve the goal of extradition proceedings (the requested person voluntarily going to the USA), as it would be outside of judicial control and supervision, and there would be no assurance about the extradition procedure being followed. His presence in the Czech Republic is necessary for the extradition proceedings to continue. The law does not allow for authorities to permit such an action, as it would undermine the processes stipulated by international treaties.

15. Regarding the requested person's demand in the letter delivered on July 20, 2023, it should be noted that the requested person may always choose a defense attorney, who may also represent him based on a power of attorney, or contact relatives by telephone regarding the conditions specified in § 13a Act No. 293/1993 Coll., on the performance of remand custody. The court does not decide on issues of guilt or the potential punishment in extradition proceedings, but only reviews the conditions on which the minister's subsequent extradition order depends to ensure that, should these conditions be confirmed, extradition is duly enforceable.

16. The High Court in Prague, upon review of the contested resolution and the proceedings that preceded its issuance, found that the challenged resolution was not in conflict with the law No. 104/2013 Coll., on international judicial cooperation in criminal matters, or related international treaties. The statement of the municipal court was supported by the evidence in the file, including the international documents. The objections contained in the reasoning of the complaint were found unsubstantiated. The High Court in Prague acted in accordance with the law. The objections contained in the complaint are therefore dismissed.

**Instruction:**

No further appeal is admissible against this order.

Prague, July 26, 2023

[Signature]

JUDr. Vladimír Král, [Signature]

Presiding Judge of the Panel

LANGO LEGAL

August 8, 2025

# CERTIFICATION OF TRANSLATION ACCURACY

TRANSLATION OF: 20A - Czech High Court Order_CZ.pdf

FROM Czech TO English

Lango Legal, a professional translation services agency, hereby certify that the above- mentioned file has been translated by an experienced, qualified, and competent professional translator who is fluent in the above-mentioned language pair. Lango Legal hereby certify that in our best judgment, the translated text reflects the content, meaning, and style of the source text, and constitutes in every respect a complete and accurate translation of the source text.

Certificate of Translation Accuracy LANGO, INC

**Meti Dibra** | Chief Operating Officer

+1 682 204 6131 | www.lango.co