# Exhibit 32

Milbank
MATTHEW LAROCHE
*Partner*
55 Hudson Yards | New York, NY 10001-2163
T: +1 (212) 530-5514
mlaroche@milbank.com | milbank.com

June 2, 2025

**VIA EMAIL**

Ashley Nicolas
Camille Fletcher
Alexander Li
Assistant U.S. Attorneys
U.S. Attorney's Office
Southern District of New York
26 Federal Plaza, 37th Floor
New York, NY 10278

Re: *United States v. Nikhil Gupta*, No. S2 23 Cr. 289 (VM)

Dear Ms. Nicolas, Ms. Fletcher, and Mr. Li:

On behalf of our client, Nikhil Gupta, pursuant to Rule 16 of the Federal Rules of Civil Procedure, *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny, including *United States v. Agurs*, 427 U.S. 97 (1976), and *Giglio v. United States,* 405 U.S. 150 (1972), and the Fifth and Sixth Amendments of the United States Constitution, we write to request that you furnish the discovery materials and information described below.

**Instructions and Definitions**

1. To the extent the government has already provided materials we are requesting, we request that the government confirm that all responsive materials have been produced.

2. With respect to requests for materials that have not yet been produced, please indicate whether the government intends to comply with the request and when the materials will be produced. If the government declines to provide any of the information requested, please advise us of the government's objection so that we can consider bringing any dispute to the attention of the Court.

3. With respect to documents, objects, or physical evidence relating to the allegations underlying the indictment that have been deleted, destroyed or lost, or are not in the custody or control of the government, please provide a detailed description of each. If the government contemplates destroying or releasing any such items in the future, we request notice and an opportunity to object prior to any such action.

4. With respect to documents, objects, or physical evidence relating to the allegations underlying the indictment that are in the custody or control of other law enforcement or government agencies, including agencies and organizations of the U.S. Intelligence Community ("IC"), and that the government does not intend to produce or does not intend to seek deletion in a motion pursuant to Section 4 of the Classified Information Procedures Act, please provide a detailed description of each so that we can consider bringing any dispute to the attention of the Court.

5. "Documents" shall be construed to include any materials, whether in hard copy or electronic form, including writings, books, papers, memoranda, reports, drawings, graphs, charts, photographs, telephone records, communications, electronic mail, text, data, or any data compilations from which information can be obtained, translated, if necessary, into reasonably usable form, or any portion thereof. This definition includes all notes, drafts, and copies, as well as any documents designated as classified information as defined in 18a U.S.C. § 1.

6. Each of the requests below seeks any documents or information in the government's possession, custody, or control, or which is known, or could, by the exercise of diligent, good faith effort, become known to the government, specifically including (in addition to documents or information in your Office's immediate possession, custody, or control) documents or information in the possession, custody, or control of the IC or any other federal, state, or local agencies that have provided assistance to your Office or concurrently investigated the matters at issue in this proceeding.

**<u>Requests for Discovery</u>**

1. All written or recorded statements, including communications, made by Mr. Gupta, at any time and in any context, regardless of the government's intentions with respect to their use at trial. Fed. R. Crim. P. 16(a)(1)(B).

a. This request includes, but is not limited to, any communications allegedly between Mr. Gupta and [redacted], the individuals identified as "CS," "CS-2[1]," and "UC," Vikash Yadav, and any individual that is or purports to be a representative of the Indian government, including the Research & Analysis Wing.

i. This request specifically includes communications going back to 2015 (or earlier if any such communications exist) allegedly between Mr. Gupta and CS or CS-2 as referenced in USAO_000069 and USAO_000422.

b. A description of all alleged communications between Mr. Gupta and any of the individuals referenced in subsection (a) that have been deleted or have not been preserved, recovered, or recorded, as described in, for example, USAO_000074 and USAO_000139 and as demonstrated in USAO_012457 (file name "00000039-WhatsApp Chat with India"), and an explanation of all efforts undertaken by the government to recover or identify any such communications.

[1] *See* USAO_000067.

c. All notes from conversations between the government, law enforcement or any other entity acting at the direction of or that collaborated with law enforcement in this investigation about any communications between Mr. Gupta and the referenced individuals that have been deleted or have not been preserved, recovered, or recorded.

2. All documents that contain the substance of any written or recorded statement made by Mr. Gupta to the government, law enforcement, or any other entity acting at the direction of or that collaborated with law enforcement in this investigation regardless of the government's intentions with respect to the statement's use at trial. Fed. R. Crim. P. 16(a)(1)(B). This request includes all notes and drafts, including all handwritten notes and drafts, as well as other documents prepared by law enforcement agents, to the extent that a statement of Mr. Gupta is related, referenced or described within. Where a statement is contained in more than one document, provide each such document.

3. The substance of all oral statements made by Mr. Gupta to government, law enforcement, or any other entity acting at the direction of or that collaborated with law enforcement in this investigation that have not been disclosed pursuant to Requests 1 and 2 above and that the government may use at trial. Fed. R. Crim. P. 16(a)(1)(A). This request includes not only statements that the government intends to introduce at trial, but also statements that the government may use for impeachment or other purposes.

a. For the avoidance of doubt, this request specifically includes, but is not limited to, all notes, communications, or documents reflecting oral statements made by Mr. Gupta to the government, law enforcement, or any other entity acting at the direction of or that collaborated with law enforcement in this investigation while in the Czech Republic.

4. The substance of all oral statements made by Mr. Gupta to any foreign government, foreign law enforcement, or any other foreign entity that have not been disclosed pursuant to Requests 1, 2, and 3 above and that the government may use at trial. Fed. R. Crim. P. 16(a)(1)(A). This request includes not only statements that the government intends to introduce at trial, but also statements that the government may use for impeachment or other purposes.

a. For the avoidance of doubt, this request specifically includes, but is not limited to, all notes, communications, or documents reflecting oral statements made by Mr. Gupta to any Czech government or law enforcement entity while in the Czech Republic.

5. The substance of all statements and expressive conduct of the defendant in response to all warnings given pursuant to *Miranda v. Arizona*, 348 U.S. 436 (1966) as well as all statements or questions concerning his Fifth or Sixth Amendment rights. *See United States v. McElroy*, 697 F.2d 459 (2d Cir. 1982). This includes both oral and written *Miranda* warnings and any form signed or refused by the defendant.

6. All communications between officials working on behalf of the United States government, law enforcement, or any other entity acting at the direction of or that collaborated with law enforcement in this investigation, and any government officials or law enforcement personnel in India, Czech Republic, or any other country regarding the circumstances of, and any documents collected in connection with, Mr. Gupta's investigation, arrest, detainment, and

eventual extradition, regardless of the government's intentions with respect to their use at trial. Fed. R. Crim. P. 16(a)(1)(B). This request specifically includes, but is not limited to:

a. Any directions provided, information shared, or requests made by the United States government, law enforcement or any other entity acting at the direction of or that collaborated with law enforcement in this investigation, related to any arrest, questioning, or search of Mr. Gupta, his devices, or his possessions in the Czech Republic.

b. Any requests or letters made by the United States government, law enforcement, or any other entity acting at the direction of or that collaborated with law enforcement in this investigation, to Czech law enforcement representatives pursuant to any mutual legal assistance treaty between the U.S. Government and the Czech Republic. This specifically includes, but is not limited to, any request(s) from the United States Government dated September 7, 2023 and/or September 27, 2023, as referenced in USAO_011722 and USAO_011764.

c. Any requests or letters made by the United States government, law enforcement, or any other entity acting at the direction of or that collaborated with law enforcement in this investigation, to India or Czech officials pursuant to any voluntary relinquishment of records gathered by India or Czech representatives.

d. Any communication involving any United States government, law enforcement, or any other entity acting at the direction of or that collaborated with law enforcement in this investigation, to Czech law enforcement representatives to assist in the coordination of Mr. Gupta's apprehension, arrest, custody and extradition in the Czech Republic.

7. The full version of the video produced at USAO_012454, to the extent that has not yet been provided, and information regarding who took the video, where it was taken, at what time it was taken, and who directed it to be taken. Please also identify every person who was present when this video was recorded.

8. All notes, recordings, or communications related to the events described in USAO_000079. This request includes, but is not limited to, all notes detailing how Mr. Gupta's phone passwords were obtained and whether they were used in any way by law enforcement, including but not limited to the U.S. Attorney's Office or DEA.

9. To the extent not produced in response to the foregoing requests, the original metadata for any video file, audio file, or photograph already produced by the government in discovery. This includes, but is not limited to, the metadata for all audio files saved at USAO_012457 and all files saved at USAO_012454.

10. All documents, notes, information, and communications related to the review by U.S. law enforcement members of device extractions made by Czech authorities following Mr. Gupta's arrest, as referenced in USAO_000846, including but not limited to information regarding:

a. Who from U.S. law enforcement reviewed the extractions.

b. When U.S. law enforcement received and reviewed the extractions.

c. On how many occasions U.S. law enforcement agents reviewed the extractions.

d. Where U.S. law enforcement reviewed the extractions.

e. What software U.S. law enforcement used to review the extractions.

f. What notes U.S. law enforcement took and what communications were made after reviewing the extractions.

g. Whether U.S. law enforcement carried out any searches of the extractions.

11. With respect to the folder produced in discovery on September 18, 2024, titled "2023.08 Pre-MLAT Czech Courtesy Phone Production," which contains USAO_011720-11721:

a. Confirmation that the folder produced to the defense in discovery, which contains only two files titled "USAO_011720 – iphone14.rar" and "USAO_011721 – VIVO.rar," is a complete representation of the files that were produced to the United States by the Czech authorities prior to any MLAT requests.

b. Documents sufficient to establish the date on which Czech officials provided these materials to the United States government, law enforcement, or any other entity acting at the direction of or that collaborated with law enforcement in this investigation.

c. Documents and communications sufficient to establish the circumstances under which these materials were provided by Czech officials to the United States government, law enforcement, or any other entity acting at the direction of or that collaborated with law enforcement in this investigation.

d. Any requests made by any representative of the United States government, law enforcement, or any other entity acting at the direction of or that collaborated with law enforcement in this investigation for these materials.

e. A description by the government of when and for what purpose anybody associated with the United States government, law enforcement, or any other entity acting at the direction of or that collaborated with law enforcement in this investigation accessed and or used these materials.

12. All communications between the United States government, including any representatives from the Department of Justice or State Department, and the Czech Ministry of Justice related to Mr. Gupta's extradition, the charges against Mr. Gupta, the addition of Count Three in the second superseding indictment, and the application of the Rule of Specialty to Mr. Gupta. This includes, but is not limited to, the communications from the Czech Ministry of Justice referenced in the government's February 25, 2025 letter to the Court regarding the Rule of Specialty.

13. All documents and information contained in the "packet" transmitted by the U.S. Department of Justice to the U.S. State Department regarding the Rule of Specialty and its applicability in the instant litigation, referenced in your January 31, 2025 email to Mr. Gupta's prior counsel.

14. With respect to any documents produced or required to be produced in discovery in this case, all subpoenas or formal or informal requests for documents by the government to which the documents were responsive, all documents concerning communications relating to such subpoenas or requests, and any written responses by the producing party, including but not limited to cover letters, indexes, inventories, certifications, and privilege logs. This request includes, but is not limited to:

a. The Grand Jury subpoenas referenced in footnotes 1 of USAO_006598 and USAO_006606 and any associated returns;

b. Any returns associated with USAO_006606;

c. Any subpoena(s), warrants, or other applications associated with: USAO_006615-6639; USAO_006640-6647; USAO_006648-6650; USAO_006651-6652; USAO_6653-6679; USAO_006680-6688; USAO_006689-6693; USAO_006694-6879; USAO_006880-6882; USAO_006883-6939; USAO_006940-6942; USAO_006943-6946; USAO_006947-6963; USAO_006964-7375; USAO_007376-7479; USAO_007480-USAO_011714; USAO_0011715-11719.

15. Unredacted versions of documents containing heavy redactions, including but not limited to: USAO_000067; USAO_000070; USAO_000076; and USAO_000497. To the extent these documents cannot be produced without redactions, an explanation for why the redactions must necessarily be maintained.

16. To the extent not already covered by any prior request, the full image of any cellphone allegedly used by the individuals referred to as "CS" and "UC" in the second superseding indictment and by [redacted] to communicate with Mr. Gupta. Additionally, to the extent not covered by any prior request, any files obtained from [redacted] computer, as described in USAO_000492, including the "analyzed hard drive" referenced in USAO_000612.

17. All documents, information, or notes concerning Mr. Gupta in the possession, custody, or control of the "NY Strike Force," as referenced in USAO_000071.

a. This includes, but is not limited to all information regarding the "[open case] which involved Gupta," and any "investigative techniques" used.

b. Disclosure of the specific "CS issues" that led to the closing of the case referenced in USAO_000071 and of whether the "CS" referenced therein is the same CS that is involved in this case.

c. All documents related to the "CS issues" that allegedly led to the close of the prior case against Mr. Gupta, as referenced in USAO_000071.

18. All documents, information, or notes concerning Mr. Gupta in the possession, custody, or control of the [redacted]" as referenced in USAO_000769. This includes, but is not limited to, any investigation into the allegations of "money laundering and heroin trafficking" referenced in USAO_000769.

19. All documents, information, or notes concerning Mr. Gupta in the possession, custody, or control of the Baltimore DEA Office as referenced in USAO_000066 and USAO_000769, including all records related to the allegation that any particular phone number is connected with Mr. Gupta.

20. Any and all information, documents, reports, communications, or memoranda related to the Indian Ministry of Home Affairs and the Indian Enquiry Committee's investigation of the role of Mr. Gupta and Vikash Yadav in the alleged conspiracies. This includes, but is not limited to, a copy of any report produced by the Indian Enquiry Committee that was submitted to the Indian government

21. Exhibit N-93, which is described in USAO_00611 as a "sheet of paper signed by [redacted]."

22. All arrest warrants ever obtained by the government or U.S. law enforcement for Mr. Gupta, including but not limited to any warrants obtained in or around May of 2023 in connection with the alleged trip to London outlined in USAO_000069.

23. To the extent not covered by other requests in this letter, all communications between the government, law enforcement, or any other entity acting at the direction of or that collaborated with law enforcement in this investigation, and any U.K. law enforcement or government entity related to the alleged trip to London outlined in USAO_000069.

24. Any translations of foreign language documents produced in discovery that the government has subsequently received, regardless of whether the government intends to make use of the translated copies at trial.

25. Whether, should Mr. Gupta testify in his own behalf, the government will attempt to rely upon specific instances of conduct or a prior conviction for the purpose of impeachment, and a description of any such instance or prior conviction.

26. Pursuant to Fed. R. Evid. 104 and Mr. Gupta's rights to effective representation by counsel and a fair trial, disclosure of the following evidence, to the extent the government intends to offer such evidence in its case in chief:

a. Any statement as to which Mr. Gupta manifested his adoption or belief in its truth. Fed. R. Evid. 801(d)(2)(B).

b. Any statement made by another that was purportedly authorized by Mr. Gupta or is deemed to be an admission of Mr. Gupta. Fed. R. Evid. 801(d)(2)(A) and 801(d)(2)(C).

c. Any statement by any agent or servant of Mr. Gupta concerning a matter within the scope of his agency or employment made during the existence of such a relationship. Fed. R.Evid. 801(d)(2)(D).

d. Any statement by a coconspirator made during the course and in furtherance of any alleged conspiracy. Fed. R. Evid. 801(d)(2)(E).

e. Please state whether the government intends to offer any hearsay evidence pursuant to Fed. R. Evid. 807. If so, provide the information required by the Rule.

27. In order to expedite trial and avoid unnecessary delay during the trial, and so that defense counsel will have sufficient time to review testimony and prepare for cross-examination, Mr. Gupta requests that all materials required to be disclosed pursuant to 18 U.S.C. § 3500 be produced no later than 60 days before the commencement of trial. Specifically included in this request is a request that the Government produce all draft reports and notes for all agents it intends to call as witnesses in this matter pursuant to 18 U.S.C. § 3500.

Each of the requests above calls for all responsive items which are within the possession, custody, or control of the government or any entity that assisted or collaborate in the government's investigation, or which are either known to exist or could by the exercise of due diligence become known to the government. Each request is also of a continuing nature, and we request prompt notice in the event that responsive information comes to the government's attention at any point in the future. We reserve the right to supplement these requests as the case progresses.

If you have any questions regarding these requests, please do not hesitate to call us. We are available at your convenience to meet and confer with you for the purpose of resolving or narrowing any potential disagreements that we may have regarding these requests.

Yours truly,

Matthew Laroche
Nola B. Heller