# Exhibit 33

Milbank
MATTHEW LAROCHE
*Partner*
55 Hudson Yards | New York, NY 10001-2163
T: +1 (212) 530-5514
mlaroche@milbank.com | milbank.com

August 1, 2025

**VIA EMAIL**

Ashley Nicolas
Camille Fletcher
Alexander Li
Assistant U.S. Attorneys
U.S. Attorney's Office
Southern District of New York
26 Federal Plaza, 37th Floor
New York, NY 10278

Re: *United States v. Nikhil Gupta*, No. S2 23 Cr. 289 (VM)

Dear Ms. Nicolas, Ms. Fletcher, and Mr. Li:

We write on behalf of Defendant Nikhil Gupta to make the discovery requests outlined below. These requests incorporate the Instructions and Definitions set forth in our discovery letter, dated June 2, 2025 (the "First Discovery Letter"), and several requests reiterate those made in that letter. As we discussed during a call on July 31, 2025, these requests are driven by the government's brief in opposition to the defense's Rule 12 motions, the documents accompanying that brief, and recent discovery productions by the government, which included Rule 16 discovery that is material and helpful to the defense. The recent productions contain materials that should have been produced shortly after the Indictment was filed in this case and impact the defense's Rule 12 motions and potential defenses at trial. While the defense reserves Mr. Gupta's rights and potential remedies, the defense appreciates your commitment on our call yesterday to promptly resolving these issues such that Mr. Gupta is provided all the materials to which he is entitled to prepare his defense.

**Requests Related to Statements by Mr. Gupta**

Request 1 of our First Discovery Letter sought all documents that contain the substance of any written or recorded statement made by Mr. Gupta to the government, law enforcement, or any other entity acting at the direction of or that collaborated with law enforcement in this investigation regardless of the government's intentions with respect to the statement's use at trial. Fed. R. Crim. P. 16(a)(1)(B). On June 13, 2025, the government responded that it "is in compliance with its obligations under Rule 16(a)(1)(B)."

The government has since made additional productions of discoverable material concerning Mr. Gupta's alleged statements, including a production containing a July 2, 2023, email

from Special Agent Franks describing Mr. Gupta's arrest and interrogation. We hereby reiterate our request that you produce all documents regarding Mr. Gupta's arrest and alleged statements, including, but not limited to, documents involving any federal agency that participated in Mr. Gupta's investigation. If the government believes there are no other relevant documents to be produced in response to this request, please confirm no such documents exist and what steps the government took to comply with its disclosure obligations.

**Requests Related to Mr. Gupta's Arrest in the Czech Republic**

Request 6(a) of our First Discovery Letter sought, among other things, any requests made by the United States government related to any arrest of Mr. Gupta in the Czech Republic. On June 13, 2025, the government responded that it "produced records from the Czech Republic in connection with its request for Mr. Gupta's extradition and for mutual legal assistance and . . . produced text messages, photographs, and a video sent by Czech law enforcement officers in connection with Mr. Gupta's arrest" but was "not aware of any basis for discovery of additional communications." Subsequently, following a call on June 18, 2025, and email correspondence on June 19, 2025, we requested, via email, that the government produce "the provisional arrest request itself and/or any contemporaneous document(s) related to its transmission that reflect it was transmitted on June 19." The government responded on June 19, 2025, that it "refer(s) to [its] letter response of June 13 regarding the discoverability of such materials."

On July 30, 2025, the government produced a Cellebrite Extraction Report of a chat involving Czech law enforcement and the Drug Enforcement Administration officers related to Mr. Gupta's arrest in the Czech Republic. *See* USAO_014511-22. The government previously produced a shorter version of the chat, which the defense relied on in its motion. The version of the chat produced on July 30, 2025, includes additional communications between Czech law enforcement and the DEA, including an undated message about the Czech Republic's purported receipt of a provisional arrest request.

Based on the new version of the chat, the defense reiterates its requests for all documents related to the transmission of the provisional arrest request for Mr. Gupta, including documents showing when the request was transmitted to the Czech Republic. The defense also requests the following information concerning the Cellebrite Extraction Report: (i) documents reflecting the identity of the source of the messages forwarded by Kazar Petr on USAO_014515-21, and (ii) documents and/or metadata reflecting when the first message in the chat was sent, which states "[w]e have just received your request for the provisional arrest from CZ MoJ with translation."

Request 6(d) of our First Discovery Letter sought, among other things, all documents and communications involving U.S. law enforcement and Czech Law enforcement related to Mr. Gupta's arrest. On June 13, 2025, the government responded as noted above. That same day, the government produced text messages, photographs, and a video sent by Czech law enforcement officers in connection with Mr. Gupta's arrest. *See* USAO_014112-25. On July 18, 2025, the government produced additional documents, USAO_014178-510, several of which are helpful and material to the defense. As noted above, on July 31, 2025, the government produced a more complete version of the chat involving Czech law enforcement and the government. Accordingly, the defense reiterates its request for all documents and communications related to Czech law enforcement's participation in Mr. Gupta's arrest, including but not limited to any communications

that have not yet been produced between any U.S. law enforcement personnel and Czech law enforcement relating to Mr. Gupta.

**<u>Requests Related to Mr. Gupta's Extradition</u>**

Request 6(d) of our First Discovery Letter sought all communications between the United States government and any Czech authority related to Mr. Gupta's extradition. On June 13, 2025, the government responded as noted above. Request 12 of our First Discovery Letter sought all communications between the United States government and the Czech Ministry of Justice related to Mr. Gupta's extradition, the addition of Count Three in the second superseding indictment, and the application of the Rule of Specialty to Mr. Gupta. On June 13, 2025, the government responded that it was "not aware of any basis for discovery of the materials described in your request." Request 13 sought all documents contained in the "packet" transmitted by the Department of Justice to the State Department regarding the Rule of Specialty as referenced in your January 31, 2025, email to Mr. Gupta's prior counsel. The government responded on June 13, 2025, that it was likewise not aware of any basis for discovery of these materials.

Nevertheless, the government's opposition brief attached a letter, dated July 7, 2025, from the Czech Ministry of Justice purporting to provide an opinion as to whether the government needed to seek a waiver of the Rule of Specialty. Based on that letter, and the arguments raised by the government in its opposition brief, the government's communications with the Czech Ministry of Justice or other Czech officials are highly relevant to the defense's motion. As we explained on our call, the defense does not believe that the provisional arrest request and related materials in support of extradition provided the Czech Republic with sufficient facts concerning the money laundering conspiracy count such that the Czech Republic could have made an informed decision about whether a waiver of the Rule of Specialty was necessary. Thus, the government's communications with the Czech Republic before and after extradition are relevant to the defense's argument.

Accordingly, we reiterate Requests 6(d), 12, and 13 in our First Discovery Letter that the government provide: (i) any communication involving the United States government, law enforcement, or any other entity acting at the direction of or that collaborated with law enforcement in this investigation, to Czech law enforcement representatives to assist in the coordination of Mr. Gupta's apprehension, arrest, custody, and extradition in the Czech Republic; (ii) all communications between the United States government, including any representatives from the Department of Justice, State Department or any other federal agency, and the Czech Ministry of Justice or any other Czech authority, related to Mr. Gupta's extradition, the charges against Mr. Gupta, the addition of Count Three in the second superseding indictment, and the application of the Rule of Specialty to Mr. Gupta, including but not limited to (a) any requests for consent or waiver related to Count Three, (b) any communications leading to or following the government's February 25, 2025, letter to the court, or documents memorializing those communications, (c) any communications leading to or following the Czech Ministry of Justice's July 7, 2025, letter, or documents memorializing those communications, and (d) all background materials, briefing papers, or factual submissions provided to the Czech authorities in connection with any communication regarding Count Three; and (iii) all documents and information contained in the "packet" transmitted by the Department of Justice to the State Department regarding the Rule of

Specialty and its applicability in the instant litigation, referenced in your January 31, 2025 email to Mr. Gupta's prior counsel.

**General Requests**

As we explained on our call, the government's productions, including the production on July 30, 2025, suggest that other law enforcement agencies, including the Federal Bureau of Investigation, and other components of the DEA, including the Special Operations Division, were involved in Mr. Gupta's investigation. We reiterate our request for all documents in the possession, custody, and control of other law enforcement agencies, the Intelligence Community, and other components of the DEA related to Mr. Gupta's investigation and that the government confirm which agencies and DEA components were involved in Mr. Gupta's investigation.

* * *

Each of the requests above calls for all responsive items that are within the possession, custody, or control of the government or any entity that assisted or collaborate in the government's investigation, or which are either known to exist or could, by the exercise of due diligence, become known to the government. Each request is also of a continuing nature, and we request prompt notice in the event that responsive information comes to the government's attention at any point in the future. We reserve the right to supplement these requests and to bring a motion to compel should the parties be unable to resolve any disagreements.

If you have any questions regarding these requests, please do not hesitate to call us. We are available at your convenience to meet and confer with you for the purpose of resolving or narrowing any potential disagreements that we may have regarding these requests.

Yours truly,

Matthew Laroche
Nola B. Heller