**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

– against –

NIKHIL GUPTA,

                 Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/17/2025

**23 CR 289 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

    On July 11, 2025, the Government moved *ex parte* pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. III § 4, and Federal Rule of Criminal Procedure ("Rule") 16(d)(1) for a protective order regarding disclosure of certain classified information in its possession (the "CIPA Motion"). The same day, defendant Nikhil Gupta ("Gupta") was notified that the Government had submitted its *ex parte* CIPA Motion to the Court. (See Dkt. No. 70.)

    In its CIPA Motion, the Government seeks to withhold classified materials that it believes are cumulative of materials that have already been produced to the defense and/or that are not relevant and helpful to the defense. To assist with the Court's review of the CIPA Motion, the Court held an *ex parte* conference with defense counsel to discuss Gupta's potential defenses and discovery needs, (see Dkt. Minute Entry for Aug. 14, 2025), and held an *ex parte*

conference with the Government to discuss the CIPA Motion. (See Dkt. Minute Entry for Sept. 10, 2025.) In evaluating the Government's CIPA Motion, "the Court placed itself in the shoes of defense counsel, the very ones that cannot see the classified record, to determine whether the withheld data might be relevant and helpful to the defense." See United States v. Schulte, No. 17 Cr. 548, 2019 WL 3764662, at *1 (S.D.N.Y. July 22, 2019) (citation omitted). For the reasons explained further below, the Government is entitled to withhold the classified information identified in its CIPA Motion. Accordingly, the Government's CIPA Motion is **GRANTED**.

## I.    LEGAL STANDARD

"CIPA establishes procedures for handling classified information in criminal cases." United States v. Aref, 533 F.3d 72, 78 (2d Cir. 2008). The purpose of the statute is to "harmonize a criminal defendant's right to obtain and present exculpatory material with the government's need to withhold information from discovery when disclosure would be inimical to national security." In re Terrorist Bombings of U.S. Embassies in E. Africa, 552 F.3d 93, 115-16 (2d Cir. 2008) (citations and alterations omitted). In other words, CIPA "was meant to 'protect[] and restrict[] the discovery of classified information in a way that does not impair the defendant's right to a fair trial.'" Aref, 533 F.3d at 78

2

(quoting United States v. O'Hara, 301 F.3d 563, 568 (7th Cir. 2002)). Accordingly, under CIPA Section 4, the Court may authorize the Government "to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure." 18 U.S.C. app. III § 4; see also Fed. R. Crim. P. 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.").

CIPA does not alter "the traditional rules of criminal discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense." United States v. Mostafa, 992 F. Supp. 2d 335, 337 (S.D.N.Y. 2014) (citation omitted). Where discovery involves classified information, CIPA "applies the general law of discovery in criminal cases to classified information and further restricts discovery of that information to protect the Government's national security interests." Id. "Discoverable" information in the CIPA context includes "what should be made available in pretrial discovery, as well as exculpatory facts, or information relevant to the credibility of government witnesses, that need not be disclosed before trial but nonetheless must be made available in time for effective

3

use at trial." United States v. Rahman, 870 F. Supp. 47, 50 (S.D.N.Y. 1994).

In deciding a CIPA Section 4 motion, a district court must engage in a multipart analysis. First, "[a]s a threshold matter, the court must find that the materials constitute 'classified information' which is defined as 'any information or material that has been determined by the United States Government pursuant to an Executive order, statute or regulation, to require protection against unauthorized disclosure for reasons of national security.'" United States v. Hernandez, No. 15 Cr. 379, 2023 WL 8804958, at *2 (S.D.N.Y. Dec. 20, 2023) (quoting United States v. Asainov, 618 F. Supp. 3d 105, 111 (E.D.N.Y. 2022)); see also 18 U.S.C. app. III § 1. The Government may show that the relevant information is classified "through the submission of a declaration to that effect by a government official, as long as the declaration adequately describes the reasons for the information's classification and the harm that would result from disclosure." United States v. Juma Khan, No. 08 Cr. 621, 2010 WL 330241, at *1 (S.D.N.Y. Jan. 10, 2010).

Second, if the materials constitute "classified information," the district court must next decide whether the materials would ordinarily be discoverable under Rule 16. See Aref, 533 F.3d at 80; Asainov, 618 F. Supp. 3d at 111.

4

Documents and objects in the government's control are discoverable under Rule 16 if (1) they are "material to preparing the defense," (2) "the government intends to use [them] in its case-in-chief at trial," or (3) they were "obtained from or belong[] to the defendant." Fed. R. Crim. P. 16(a)(1)(E).

Third, if the materials are discoverable, the district court must determine whether the state-secrets privilege applies. The privilege applies where "(1) there is a reasonable danger that compulsion of the evidence will expose matters which, in the interest of national security, should not be divulged, and (2) the privilege is lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." United States v. Kwok, No. 23 Cr. 118, 2024 WL 1704998, at *1 (S.D.N.Y. Apr. 18, 2024) (citation omitted).

Fourth, "[i]f the evidence is discoverable but the information is privileged, the court must next decide whether the information is helpful or material to the defense, *i.e.*, useful 'to counter the government's case or to bolster a defense.'" Hernandez, 2023 WL 8804958, at *3 (quoting Aref, 533 F.3d at 80). "To be helpful or material to the defense, evidence need not rise to the level that would trigger the Government's obligation to disclose exculpatory information

5

under Brady v. Maryland, 373 U.S. 83 (1963)." Id. (citation omitted); United States v. Mejia, 448 F.3d 436, 457 (D.C. Cir. 2006) ("[I]nformation can be helpful without being 'favorable' in the Brady sense."). "However, this standard is higher than 'a mere showing of theoretical relevance.'" Asainov, 618 F. Supp. 3d at 112 (quoting Mostafa, 7 F. Supp. 2d at 338). "Whether evidence is 'helpful' or 'material to the defense' is . . . within the district court's discretion." Aref, 533 F.3d at 80.

When evidence is helpful or material to the defense, "the government's privilege 'must give way . . . to [the] criminal defendant's right to present a meaningful defense.'" In re Terrorist Bombings, 552 F.3d at 124 (quoting Aref, 533 F.3d at 79). However, the Government need not produce evidence that is helpful or material where the "Defendant already has at his disposal virtually all of the information subject to the Government's CIPA Section 4 motion (including all information that could be considered helpful to the defense), rendering production of the classified information cumulative." United States v. Shestakov, No. 23 Cr. 16, 2024 WL 5239040, at *3 (S.D.N.Y. Dec. 27, 2024) (quoting United States v. Liu, No. 19 Cr. 804, 2021 WL 3374535, at *3 (S.D.N.Y. Aug. 3, 2021)); see also Kwok, 2024 WL 1704998, at *3 (granting the Government's request to withhold five of the

6

eight classified documents as cumulative of unclassified discovery and directing the Government to propose substitutions for the three remaining documents). And "if the evidence is neither helpful nor material to the defense, the district court has discretion to enter an order permitting the government to withhold the classified information altogether." Hernandez, 2023 WL 8804958, at *3.

"If, and only if, the information is helpful or material to the defense, the court must then balance the 'public interest in protecting the flow of information against the individual's right to prepare his defense.'" Id. (quoting Mostafa, 992 F. Supp. 2d at 338). "[T]he test to be applied involves balancing the defendant's need for the information or its value to the defendant, against the possible damage to the government's security interests from disclosure." Schulte, 2019 WL 3764662, at *3 (quoting Rahman, 870 F. Supp. at 52).

## II.   DISCUSSION

The Court has carefully reviewed the Government's *ex parte* CIPA Motion and the supporting exhibits, as well as Gupta's *ex parte* submission, and has considered the arguments set forth by both parties during their respective *ex parte* conferences with the Court.

At the outset, the Court finds that the materials at issue constitute "classified information" under CIPA. See 18 U.S.C. app. III § 1. The Government has submitted several declarations from United States government officials, which are sufficiently detailed to establish that the materials involve classified information. See Juma Khan, 2010 WL 330241, at *1. Moreover, the declarations sufficiently assert the state-secrets privilege and, together with the Government's CIPA Motion, establish a reasonable danger that disclosure of the classified information would jeopardize national security. See Hernandez, 2023 WL 8804958, at *4; Shestakov, 2024 WL 5239040, at *2.

Further, the Court concludes that certain categories of the classified materials are not discoverable under Rule 16 because they are irrelevant to the charges against Gupta. See Schulte, 2019 WL 3764662, at *3. Nor are those categories of classified materials helpful or material to any conceivable defense that Gupta may advance in response to the charges against him. See United States v. El-Hanafi, No. 10 Cr. 162, 2012 WL 603649, at *4-5 (S.D.N.Y. Feb. 24, 2012).

Of the remaining classified materials, the Court finds that none are discoverable under Brady or its progeny, as those materials are not exculpatory. See Brady, 373 U.S. at 87-88; Mostafa, 992 F. Supp. 2d at 338. Although some of the

8

classified materials may include information that is potentially relevant, helpful, or material to the defense, Gupta "already has at his disposal virtually all of the information subject to the Government's CIPA Section 4 motion (including all information that could be considered helpful to the defense), rendering production of the classified information cumulative." Liu, 2021 WL 3374535, at *3; Shestakov, 2024 WL 5239040, at *3 (same). Thus, the defense "ha[s] substantially the same ability to make its defense as if [it] had the specific classified materials." Mostafa, 992 F. Supp. 2d at 338. Stating this point another way, that Gupta does not have access to the classified materials does not unfairly or unreasonably prejudice his ability to mount a defense grounded on unclassified documents that the Government has already provided that are thus cumulative. Accordingly, the Court finds that the Government has no obligation to disclose the remaining classified materials, which duplicate the information that the prosecution has already been produced to the defense. See Liu, 2021 WL 3374535, at *3; Shestakov, 2024 WL 5239040, at *3.

Given that the classified materials are either (1) not discoverable, (2) not relevant or helpful to Gupta, or (3) duplicative of the non-classified discovery already produced to Gupta, the Court finds that the Government's withholding

9

of the classified materials is warranted. See <u>United States v. Saipov</u>, No. 17 Cr. 722, 2019 WL 5558214, at *6 (S.D.N.Y. Oct. 29, 2019).

### III. ORDER

For the preceding reasons, it is hereby

**ORDERED** that the Government's motion (the "CIPA Motion") pursuant to Section 4 of the Classified Information Procedures Act, 18 U.S.C. app. III § 4, and Federal Rule of Criminal Procedure 16(d)(1) for a protective order to withhold certain classified materials is **GRANTED**. Accordingly, the Government is authorized to withhold the classified materials identified in its CIPA Motion from the defense; and it is further

**ORDERED** that the Government's CIPA Motion, memorandum of law, and all accompanying papers, as well as the transcript from the Government's *ex parte* conference with the Court, shall not be disclosed to the defense and shall be sealed and maintained in the custody of the Court Security Officer.

**SO ORDERED.**

Dated:   17 September 2025
         New York, New York

_____
                        Victor Marrero
                        U.S.D.J.