

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 9, 2026

**BY EMAIL**
David Touger, Esq.
Peluso & Touger, LLP
70 Lafayette Street
New York, New York 10013

Re:    United States v. Nikhil Gupta, S2 23 Cr. 289 (VM)

Dear Mr. Touger:

This document is not a plea agreement.  Rather, pursuant to the suggestion of the Court in *United States v. Pimentel*, 932 F.2d 1029, 1034 (2d Cir. 1991), this letter sets forth the current position of the United States Attorney's Office for the Southern District of New York (the "Office") regarding the application of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") to defendant Nikhil Gupta (the "defendant") in this case.

The above-referenced Superseding Indictment (the "Indictment") charges the defendant in three counts.

Count One charges the defendant with participating in a conspiracy, from at least in or about May 2023 through at least in or about June 2023, to commit murder-for-hire, in violation of Title 18, United States Code, Section 1958.  Count One carries a maximum term of imprisonment of ten years; a maximum term of supervised release of three years; a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

Count Two charges the defendant with committing murder-for-hire, from at least in or about May 2023 through at least in or about June 2023, in violation of Title 18, United States Code, Sections 1958 and 2.  Count Two carries a maximum term of imprisonment of ten years; a maximum term of supervised release of three years; a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

Count Three charges the defendant with participating in conspiracy, from at least in or about May 2023 through at least in or about June 2023, to commit money laundering, in violation of Title 18, United States Code, Section 1956(h).  Count Three carries a maximum term of imprisonment of twenty years; a maximum term of supervised release of three years; a maximum

fine, pursuant to Title 18, United States Code, Section 1956, of the greatest of $500,000 or twice the value of the property involved in the transaction; and a mandatory $100 special assessment.

The total maximum term of imprisonment on Counts One, Two, and Three is forty years.

The Government currently believes that the Guidelines apply to the crimes charged in the Indictment as follows:

**A.     Offense Level**

1. The applicable Guidelines manual is the November 1, 2025 version.

Grouping Analysis

2. Pursuant to U.S.S.G. §§ 3D1.2(c) and 2S1.1 application note 6, Counts One, Two, and Three are grouped together as a single group (the "Group") because the defendant's conviction on Count Three is a conviction on a count of conspiracy to launder funds and his convictions on Counts One and Two are convictions for the underlying offenses from which the laundered funds were derived.

3. Pursuant to U.S.S.G. § 3D1.3(a), the offense level applicable to the Group is the offense level for the most serious of the counts comprising the Group, which is Count Three, as set forth below.

Counts One and Two

4. Pursuant to U.S.S.G. § 2E1.4(a), the base offense level for Counts One and Two is the greater of 32 or the offense level applicable to the underlying unlawful conduct.

    a. Pursuant to U.S.S.G. § 2E1.4(a)(2) and application note 1, because the underlying unlawful conduct is soliciting the murder of the individual identified in the Indictment as the Victim, the offense level applicable to the underlying unlawful conduct is calculated under U.S.S.G. § 2A1.5.

    b. Pursuant to U.S.S.G. § 2A1.5(a), the base offense level for the underlying unlawful conduct is 33.

    c. Pursuant to U.S.S.G. § 2A1.5(b)(1), because the underlying unlawful conduct involved the offer of something of pecuniary value for undertaking the murder, four levels are added.

    d. Accordingly, the offense level applicable to the underlying unlawful conduct is 37. Because this is greater than 32, the base offense level for Counts One and Two is 37, pursuant to U.S.S.G. § 2E1.4(a).

5. Accordingly, the offense level for Counts One and Two is 37.

2024.05.14

Count Three

6.\. Pursuant to U.S.S.G. §§ 2X1.1(a) and 2S1.1(a)(1), because the defendant committed the underlying offenses, and the offense level for those offenses can be determined, the base offense level for Count Three is the offense level for Counts One and Two, which is 37, as set forth above.

7.\. Pursuant to U.S.S.G. § 2S1.1(b)(2)(B), because the defendant was convicted under 18 U.S.C. § 1956, two levels are added.

8.\. Accordingly, the offense level for Count Three is 39, and this is also the offense level for the Group.

Chapter Three Adjustments

9.\. Pursuant to U.S.S.G. § 3C1.1 and application notes 4(B) and 4(F), two levels are added because (1) the defendant willfully obstructed the administration of justice with respect to the prosecution of the instant offenses of conviction by providing materially false information to the Court, namely, by filing a sworn declaration on June 23, 2025 containing materially false statements, Dkt. No. 67, and (2) that obstructive conduct related to the defendant's offenses of conviction and any relevant conduct.

10.\. Pursuant to U.S.S.G. § 3E1.1(a), assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted. Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.[1]

11.\. In accordance with the above, the applicable Guidelines offense level is 38.

B.\. **Criminal History Category**

Based upon this Office's current understanding (including from representations by the defense), the defendant has no criminal history points.

In accordance with the above, the defendant's Criminal History Category is I.

C.\. **Sentencing Range**

Based upon the calculations set forth above, the defendant's Guidelines sentencing range is 235 to 293 months' imprisonment. In addition, after determining the defendant's ability to pay,

---

[1] No adjustment is warranted under U.S.S.G. § 4C1.1 because the defendant used credible threats of violence in connection with the offenses.

the Court may impose a fine pursuant to U.S.S.G. § 5E1.2.  At Guidelines level 38, the applicable fine range is $50,000 to $500,000.

      The foregoing Guidelines calculation is based on facts and information currently known to the Office.  Nothing in this letter limits the right of this Office (1) to change its position at any time as to the appropriate Guidelines calculation in this case, even if that change is based, in whole or in part, on information that was in the Government's possession as of the date of this letter; and/or (2) to present to the Court or the United States Probation Office, either orally or in writing, any and all facts and arguments relevant to sentencing that are available to the Office at the time of sentencing.  Nor does anything in this letter limit the right of this Office to seek a departure under or variance from the Guidelines, or to take a position on any departure or variance that may be suggested by the Court, the United States Probation Office, or the defendant.

      This letter does not and cannot bind either the Court or the United States Probation Office, either as to questions of fact or as to determinations of the correct application of the Guidelines in this case.  Instead, the sentence to be imposed upon the defendant will be determined solely by the Court.  This Office cannot and does not make any promise or representation as to what sentence the defendant will receive.

      The defendant is hereby notified that, if the defendant is not a citizen of the United States, the defendant's guilty plea and conviction make it very likely that the defendant's removal from the United States is presumptively mandatory and that, at a minimum, the defendant is at risk of being removed or suffering other adverse immigration consequences. The defendant is further notified that, if the defendant is a naturalized citizen of the United States, the defendant's guilty plea may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if the defendant's naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant is further notified that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. The defendant is entitled to and should seek advice from the defendant's attorney on this issue.

      Very truly yours,

      JAY CLAYTON
      United States Attorney

By: _____
      Camille Fletcher / Alexander Li / Ashley Nicolas
      Assistant United States Attorneys
      (212) 637- 2383 / -2265 / -2467

2024.05.14