```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/23/2026
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

UNITED STATES OF AMERICA

      - v. -

NIKHIL GUPTA,
    a/k/a "Nick,"

               Defendant.

------------------------------------ x

:
:
:    CONSENT PRELIMINARY ORDER
:    OF FORFEITURE AS TO SPECIFIC
:    PROPERTY/MONEY JUDGMENT
:
:    S2 23 Cr. 289 (VM)
:
:
:

WHEREAS, on or about October 17, 2024, NIKHIL GUPTA (the "Defendant"), and another, was charged in a three-count Superseding Indictment, S2 23 Cr. 289 (VM) (the "Indictment"), with murder-for-hire conspiracy, in violation of Title 18, United States Code, Section 1958 (Count One); murder-for-hire, in violation of Title 18, United States Code, Sections 1958 and 2 (Count Two); and conspiracy to commit money laundering, in violation of Title 18Reviewed , United States Code, Section 1956(h) (Count Three);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency, representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Count Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 28, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in

Count Three of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Three of the Indictment;

WHEREAS, on or about February 13, 2026, the Defendant pled guilty to Counts One through Three of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $15,000 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained and/or property involved in the offense charged in Count Three of the Indictment, for which the Defendant is jointly and severally liable with his co-defendant, Vikash Yadav (the "Co-defendant") to the extent a forfeiture money judgment is entered against the Co-defendant for the offenses charged in Count One through Three of the Indictment;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the following property, which constitutes proceeds of and/or property involved in the offenses charged in Counts One through Three of the Indictment;

a. $15,000 in U.S. currency, seized by the Government on or about June 9, 2023 in the vicinity of East 27th Street and 11th Avenue, in New York, New York;

b. An iPhone 11 Pro Max bearing IMEI number 352859111674977, seized by Czech law enforcement authorities in the Czech Republic on or about June 30, 2023, and thereafter transferred to the custody of the United States; and

c. A Vivo Y 56 5G Cellphone bearing IMEI Slot 1 number 861531061236891 and IMEI Slot 2 number 861531061236883, seized by Czech law enforcement authorities in the Czech Republic on or about June 30, 2023, and thereafter transferred to the custody of the United States;

(a. through c., collectively, the "Specific Property");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to and/or property involved in the offenses charged in Counts

2

One through Three of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3) and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorneys Camille L. Fletcher, Alexander Li, and Ashley C. Nicolas, of counsel, and the Defendant and his counsel, David Touger, Esq., that:

1.      As a result of the offenses charged in Counts One through Three of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $15,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained and/or property involved in the offense charged in Count Three of the Indictment, for which the Defendant is jointly and severally liable with the Co-defendant, to the extent a forfeiture money judgment is entered against the Co-defendant for the offenses charged in Count One through Three of the Indictment, shall be entered against the Defendant.

2.      As a result of the offenses charged in Counts One through Three of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, NIKHIL GUPTA, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice

4

on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.      Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14.    The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____         April 16, 2026
    Camille L. Fletcher / Alexander Li /     _____
    Ashley C. Nicolas                        DATE
    Assistant United States Attorneys
    26 Federal Plaza, 38th Floor
    New York, New York 10278
    (212) 637-2383 / -2265 / -2467


NIKHIL GUPTA

By: _____         4-22-26
    Nikhil Gupta                             _____
                                             DATE

By: _____         4-22-26
    Isabelle A. Kirshner, Esq.               _____
    Brian D. Linder, Esq.                    DATE
    Clayman Rosenberg Kirshner & Linder, LLP
    Attorneys for Defendant
    60 East 42nd Street, Suite 3900
    New York, New York 10165

SO ORDERED:

_____             4/23/2026
HONORABLE VICTOR MARRERO                    _____
UNITED STATES DISTRICT JUDGE                DATE

7