Harjeet Singh
Finding Truth With Harjeet
1136 Ridgeway Drive
Lynden, Washington 98264
harjeet2021@protonmail.com

September 30, 2026

**BY EMAIL** (ChambersNYSDMarrero@nysd.uscourts.gov)

The Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *United States v. Nikhil Gupta*, S2 23 Cr. 289 (VM) — Request by a member of the press to unseal the transcript of the October 17, 2025 ex parte hearing**

Dear Judge Marrero:

I am an independent journalist who reports on this case for a North American and U.K. audience through *Finding Truth With Harjeet*. I write as a non-party, member of the press and public, to respectfully request that the Court unseal and place on the public docket the transcript of the ex parte hearing held on October 17, 2025, together with any related sealed filings, with any redactions the Court finds necessary.

**Background.** At the October 21, 2025 conference (transcript filed at Dkt. 131), the Court explained that it had scheduled that conference to address "a breakdown in communication between defense counsel and Mr. Gupta warranting a substitution of counsel that was identified during an ex parte hearing held by the Court on October 17, 2025." The Court then granted Mr. Gupta's third request for new counsel and adjourned the November 3, 2025 trial. As far as I have been able to determine, no transcript of the October 17 proceeding appears on the public docket. Mr. Gupta has since pleaded guilty to all three counts (Dkt. 138, 142), and sentencing is scheduled for November 20, 2026 (Dkt. 153).

**The public's right of access.** Criminal proceedings and the records of those proceedings are presumptively open under both the First Amendment and the common law. *See Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986); *United States v. Erie County*, 763 F.3d 235 (2d Cir. 2014); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006); *United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995). A hearing that led directly to the replacement of trial counsel and the adjournment of a long-scheduled trial is a judicial proceeding of central importance to how this case was resolved. Continued sealing must be justified by specific, on-the-record findings that it is necessary to protect a higher value and is

narrowly tailored to that interest.

**Why the reasons for sealing may have diminished.** I recognize that ex parte hearings on substitution of counsel are commonly sealed to protect attorney-client communications and defense strategy before trial. Those concerns carry less weight now: there will be no trial, Mr. Gupta has entered his plea, and the matter is proceeding to sentencing. Any remaining privileged content can be protected by targeted redactions rather than by keeping the entire transcript sealed.

**Public interest.** This prosecution concerns an alleged plot, charged by the United States as directed in part by an Indian government employee (co-defendant Vikash Yadav), to assassinate a U.S. citizen on U.S. soil. The case is of intense interest to the public, and particularly to the Sikh diaspora communities in the United States, Canada, and the United Kingdom whom I serve. Because the case ended without a trial, the record of how the defense and the proceedings unfolded is especially important to public understanding of the outcome.

**Requested relief.** I respectfully ask that the Court:

1. Unseal the transcript of the October 17, 2025 ex parte hearing, with any narrowly tailored redactions the Court deems necessary to protect privileged attorney-client communications;
2. Unseal any other sealed docket entries related to that hearing or to the October 2025 substitution of counsel, subject to the same limited redactions; and
3. In the alternative, direct the parties to show cause why the materials should remain sealed, and state on the record the specific findings supporting any continued sealing.

I am not a party and do not seek to intervene for any other purpose. I am grateful for the Court's consideration of this request.

Respectfully submitted,

______________________________

Harjeet Singh

cc: AUSA Camille Fletcher, AUSA Alexander Li, AUSA Ashley Nicolas (by email)
David Touger, Esq., Peluso & Touger, LLP, counsel for Nikhil Gupta (by email)